JOHN D. CRAWFORD, Respondent, v. MORRIS HARTER, A. J. HALL, and P. H. SHELTON, Appellants.

Kansas City Court of Appeals, June 14, 1886.

MORTGAGES — PRIOR AND SUBSEQUENT MORTGAGEES — SURETIES' INDEMNITY—CASE ADJUDGED.—Where a note was given for part of the price of property described in a deed of trust, and the principal in the note, to indemnify his sureties on said note, gave to them a

mortgage on the same property (already mortgaged by him for the purchase money), expressly subject to the prior incumbrance, given to secure this note and others; and, in a suit on the note, the sureties set up the invalidity of the prior incumbrance (a deed of trust), by reason of the interest of the notary public taking the acknowledgment to said deed of trust. *Held*, that *as to said sureties*, the deed of trust, even though not acknowledged or recorded, was valid against them ; that they take no greater rights than the mortgagor had, and, therefore, cannot deny the validity of the prior mortgage (deed of trust.)

Appeal from Pettis Circuit Court, Hon. John P. Strother, Judge.

*Affirmed.*

Statement of case by the court.

This was an action upon a promissory note. The note was executed by the defendants, together with several others, to the Missouri Printing Company, a corporation under the laws of this state. The defendants executed the note as sureties. To indemnify the defendants as such sureties the principal in the note, one Fraker, gave to them a mortgage on certain personal property. The mortgage describes the mortgaged property and recites as follows : " Material by me purchased of the Missouri Printing Company, on the eighteenth day of January, 1883, of said company, and warranted free of incumbrance, except a prior incumbrance in favor of said printing company." The note in suit was for part of the purchase price of the property described in the mortgage.

For the remainder of the purchase money Fraker, the mortgagor, gave to the Missouri Printing Company five other promissory notes, and, to secure the payment of said notes, he had, prior to the execution of said mortgage, executed a deed of trust on the property, described in the mortgage aforesaid, to one Lanner, as trustee. Such deed of trust was the incumbrance mentioned in the mortgage. The deed of trust was acknowledged before one Morey, who was, at the time, a

stockholder and director of the Missouri Printing Company; and it was duly recorded. The defence made by defendants, as pleaded in the answer, is as follows :

"That before said note was due, to-wit, about November 26, 1883, the Missouri Printing Company, either with the connivance of plaintiff, or jointly with him, obtained and took possession of all said mortgaged property and converted it to the use of plaintiff or said company, or both, and sold it for over $3,000, and kept and converted the proceeds to the use of plaintiff or said company, or both, all without the knowledge or consent of defendants, or the other of the said sureties, and all before any of them had any notice that plaintiff claimed or held said note."

The Missouri Printing Company, after said last mentioned date, assigned the note to plaintiff.

E. J. SMITH, for the appellants.

I. A stockholder and director in a corporation, and, at the same time, a notary public, *cannot* take and certify the acknowledgment of a mortgage (deed of trust) given to the company,—or, as in this case, to a trustee for the benefit of the company. Sect. 2503, Rev. Stat.; *Stevens v. Hampton,* 46 Mo. 404; *Dail v. Moore,* 51 Mo. 589; *Black v. Gregg,* 58 Mo. 565; *Williams v. Bank,* 72 Mo. 222. The record of said deed of trust, and actual notice of it, does not affect defendants herein. *Rowlings v. Bean,* 80 Mo. 614; *Wilson v. Milligan,* 75 Mo. 41; *Bevans v. Bolton,* 31 Mo. 437; *Bryson v. Penix,* 18 Mo. 13. There is nothing in the certificate of acknowledgment to show that it was taken in the county where the officer was a notary public. It ought to show that he acted within his county.

II. A note assigned, but not indorsed, does not pass discharged of equities. It is not alleged this note is indorsed; it is simply transferred. *Patterson v. Cave,* 61 Mo. 439; *Bocka v. Nuella,* 28 Mo. 180.

III. The deed of trust, in this case, is void because of

the defective acknowledgment. It was not entitled to be recorded without a proper acknowledgment. The signing, acknowledging and recording are all necessary in a chattel mortgage.

IV. Defendants are not estopped by the recital in their mortgage of a prior incumbrance. Bigelow on Estoppel, 285.

SANGREE & LAMM, and W. S. SHIRK, for the respondent.

I. Outside the question upon the validity of the deed of trust, the judgment was for the right party. Plaintiff was an innocent holder of the note, for value before maturity, by indorsement and delivery, and thus held it clear of all equities.

II. The deed of trust was properly admitted in evidence. An acknowledgment is good although the *scilicet* is omitted. In the absence of proof to the contrary the notary is presumed to act within his jurisdiction. *People v. Snyder*, 41 N. Y. 397 ; *Bradley v. West*, 60 Mo. 33 ; *Bank v. Harrison*, 39 Mo. 433 ; *Wannel v. Kem*, 57 Mo. 478. If the deed of trust was rightfully recorded it was notice to every one of its contents. If the acknowledgment was regular and fair, upon its face, it was entitled to record in spite of any secret defect. *Stevens v. Hampton*, 46 Mo. 404. The notary was no party to the instrument, and not so interested, in the eye of the law, as to incapacitate him from taking the acknowledgment. *Lynch v. Livingstone*, 6 N. Y. 422.

III. But if the acknowledgment is invalid defendants cannot take advantage of that fact. Only *bona fide* purchasers for a valuable consideration, or those standing in that relation, can take advantage of such defect. *Chouteau v. Burando*, 30 Mo. 482 ; *Bishop v. Schneider*, 46 Mo. 472 ; *Mastin v. Halley*, 61 Mo. 196.

IV. By the very terms of their mortgage the defendants held subject to the prior incumbrance. *Howard v. Chase*, 104 Mass. 249 ; 123 Mass. 108.

V. If defendants have any cause of action or defence to this note it was asserted prematurely. At all events, they should have *paid* the surety debt, and then, and *not till then*, could they complain. *Stonebraker v. Ford*, 81 Mo. 532.

HALL, J.—The defence made by the defendants rests upon: (1) the mortgage executed to them, their entire right to the property in dispute having been granted by such mortgage; (2) the invalidity of the preceding deed of trust, as to them, on account of the incompetency of Morey, by reason of his interest, to take the acknowledgment of a conveyance to the Missouri Printing Company.

We shall first consider the first ground upon which the defence depends, because it is apparent that, if the mortgage granted to the defendants no right in the property, as against the antecedent deed of trust, it is unnecessary for us to consider the second ground of the defence at all.

Section 2503, Revised Statutes, "is a transcript of a similar provision in the Massachusetts code." *Bryson v. Penix*, 18 Mo. 15. And our supreme court, in the case cited, followed the supreme court of Massachusetts in holding "that when personal property is mortgaged, without a delivery thereof to the mortgagee, and the mortgage is not recorded, a party who buys the property of the mortgagor and takes possession of it, though he has knowledge of the mortgage, will hold the property against the mortgagee." *Travis v. Bishop,* 13 Met. 304.

The Massachusetts court again construed the same provision of the Massachusetts code, in the case of *Howard et al. v. Chase* (104 Mass. 251). That case was for the conversion of certain personal property. The plaintiffs claimed title to the property under three mortgages. The defendant justified under a prior mortgage of the property. The defendant's mortgage

was not recorded at the date of the plaintiffs' mortgages. But the plaintiffs' mortgages each contained the provision that the property "is subject to a mortgage to Silas E. Chase for about $10,000."

The court said: "The Chase mortgage, though not recorded, was valid against the mortgagors. They could not, without a fraud upon him, convey anything more than the equity of redemption. It seems to us clear that by the mortgage to the plaintiffs the mortgagors did not intend to convey, and the plaintiffs did not understand that they were purchasing, the property itself, but merely the right to redeem. The legal effect of the conveyances is the same as if they had been in terms of the right of the mortgagors to redeem the Chase mortgage. Such construction carries out the clear intention of the parties. This being so, the plaintiffs take no greater rights than the mortgagors had, and, therefore, cannot deny the validity of the Chase mortgage. They stand in the place of the mortgagors, having the same rights, and thus come within the exception of the statute which provides that unrecorded mortgages 'shall not be valid against any person other than the parties thereto.'"

That case is "on all fours" with this case, and we follow it. We hold that Faker, the mortgagor, intended to convey, and that the defendants understood that they were receiving, only the rights that Faker had in the property; that the defendants received only such rights; and that they cannot deny the validity of the deed of trust given to the Missouri Printing Company.

For this reason the judgment of the circuit court was correct, and it matters not whether it was or was not based upon this reason.

Judgment affirmed. All concur,